# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MICHAEL N. PAUL,**

    **Plaintiff,**

**vs.**                                              **Case No. 4:06cv258-WS/WCS**

**TONI BOWDEN, et al.,**

    **Defendants.**

                                /

## REPORT AND RECOMMENDATION

Service has been executed on many of the Defendants named in this action, docs. 14-18, 21-24, and 26, and they responded by filing a motion to transfer venue and, in light of the amended complaint recently filed, *see* doc. 27, a motion for an enlargement of time to respond. Doc. 28. The basis for Defendants' motion, doc. 28, is that Plaintiff is incarcerated at Sumter Correctional Institution in Bushnell, Florida. *Id.*, at 2. Five (5) of the named Defendants in this case are located in Tallahassee, Florida, five more Defendants are located at Sumter C.I. with Plaintiff, one Defendant is at Polk Correctional Institution, and the remaining Defendant is in Orlando. *See* doc. 27. The Defendants who are in Tallahassee are those persons who have responsibility for

responding to health related grievances, while the remaining Defendants were treating medical or dental staff or responsible for handling grievances at the institutional level. Doc. 28, p. 2. Defendants suggest that the Tallahassee Defendants are the most likely to be dismissed from this case prior to trial through motion practice, and the remaining Defendants are located within the Middle District of Florida. *Id.*, at 2-3. Financial considerations as well as convenience to the parties and witnesses compel the transfer of this action to the Middle District of Florida. *Id.*, at 3. In particular, Defendants who are medical providers should not be absent from the institution longer than necessary and transferring this action to the Middle District would be less disruptive. *Id.* As noted by Defendants, venue is proper in this judicial district. *Id.*, at 4; 28 U.S.C. § 1391(b). However, convenience to the parties and witness and preserving scarce financial provides an important justification in transferring this action.

An order was entered on November 1st, noting that unless Plaintiff presented strong argument to the contrary, the Court was inclined to recommend granting the motion. Doc. 33. Plaintiff was afforded an opportunity to respond to the motion, *id.,* and he has now filed a notice indicating he has no objection to the motion. Doc. 35. According, Defendants' motion to transfer and for an enlargement of time, doc. 28, should be granted.

One additional matter remains pending. The prior order, doc. 33, redirected service on two Defendants (G. Williams and Dr. Lamadrick) for whom service had not yet been carried out. Two notices have just recently been submitted by the United States Marshals Service indicating service efforts were unsuccessful on Defendant Lamadrick, doc. 36, and Defendant Williams, doc. 37. In light of this recommendation to

transfer the matter to the Middle District, the issue of redirecting service should be handled after transfer in accordance with the procedures used in the receiving court. Especially as it concerns Defendant Lamadrick, this issue might prove moot in light of the fact that what appears to have been returned to the Marshals Service was the mailing to the alternate process server.[1]

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to transfer and for an enlargement of time, doc. 28, be **GRANTED**, and this prisoner civil rights case be **TRANSFERRED** to the United States District Court, Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1404.

**IN CHAMBERS** at Tallahassee, Florida, on November 20, 2006.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] The document mailed to the alternative process server, J.C. Atmore, was returned, but nothing has been filed indicating that the mailing to the specially appointed process server, Michele Bateman, was not received. *See* doc. 33

Case No. 4:06cv258-WS/WCS